TEXTO COMPLETO DE LA SENTENCIA
La peticionaria K-Mart, Corporation, (K-Mart), nos solicita la revocación de la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 9 de julio de 1999. Mediante ésta, el tribunal declaró con lugar una demanda en daños y perjuicios contra K-Mart presentada por el Sr. Víctor Román Acosta, su esposa, Sra. Marilyn de Jesús y su hijo menor de edad, Robert Román de Jesús, representado por sus padres, y pospuso, para una fecha posterior, la vista sobre daños.
K-Mart alega que el Tribunal de Primera Instancia incidió al determinar que no aplica a los hechos alegados en la demanda, la exclusividad del remedio contemplado en el Art. 20 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, Ley 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. sec. 21, y al adjudicar el aspecto de la negligencia sumariamente en su contra.
El 11 de septiembre de 2000, le concedimos a la parte recurrida un término para mostrar causa, si alguna tuviere, por lo cual no debíamos expedir el auto de certiorari solicitado y revocar la resolución recurrida por constituir los hechos ocurridos en el caso que nos ocupa un accidente en el trabajo y no una acción en daños y perjuicios por restricción ilegal de la libertad. A pesar del término concedido, la parte recurrida no ha comparecido.
Por las razones que exponemos más adelante, expedimos el auto de certiorari solicitado y resolvemos según lo intimado, no sin antes exponer brevemente los hechos procesales y lácticos del caso y las normas de derecho aplicables.
*766 I
Presentada la demanda en el caso de epígrafe y la contestación a ésta, K-Mart presentó una moción de sentencia sumaria en la que aceptó todos los hechos alegados en la demanda, incluyendo prueba documental, consistiendo de la copia de la póliza 3512008157 de la Corporación del Fondo del Seguro del Estada emitida a su favor, los cheques cancelados mediante los cuales pagó la misma y el recibo de pago. K-Mart consignó, ese mismo día, un cheque certificado por $62.40 a favor del joven Robert Román de Jesús por concepto de las seis horas extras trabajadas reclamadas en la demanda. La parte demandante presentó una oposición a la moción de sentencia sumaria replicando a su vez K-Mart.
De los hechos alegados en la demanda y de los documentos incluidos con la moción de sentencia sumaria, surgen los siguientes hechos incontrovertidos, según expuestos en la resolución recurrida.
El 8 de enero de 1998, el joven Robert Román de Jesús, de 16 años de edad, se presentó a trabajar como de costumbre a la tienda K-Mart de Rexville en Bayamón. Ese día se le asignó el trabajo de acomodar una mercancía en las góndolas.
A pesar de que la tienda tiene unos procedimientos que hay que seguir antes de cerrar, como hacer una ronda y dar un "page" para verificar que no hay nadie dentro de la tienda, K-Mart omitió ese procedimiento ese día. Indica el joven que mientras estaba haciendo su trabajo, perdió la noción del tiempo y no fue hasta las 11:51 de la noche que se dio cuenta de que habían cerrado la tienda, permaneciendo encerrado entonces hasta las 5:00 a.m. en estado de desesperación y hambriento.
Como consecuencia de lo anterior, el joven Robert Román sufrió daños y angustias mentales al tener que pasar la noche fuera de su casa y ante el temor de que algo malo le sucediera mientras estaba encerrado.
Su padre, el Sr. Víctor Román sufrió daños y angustias mentales ante la desesperación de saber que su hijo estaba encerrado sin posibilidades de salir, pensando que podía ocurrir un incendio, razón por la cual permaneció toda la noche despierto, ausentándose de su trabajo.
Igualmente, la madre del joven, Sra. Marilyn de Jesús, sufrió daños y angustias mentales ante la posibilidad de que a su hijo pudiera ocurrirle un accidente, por razón de haberse quedado encerrado. El joven reclama, además, el salario de seis horas extras de trabajo, ya que tuvo que permanecer encerrado en la tienda durante ese período de tiempo. Alega que a pesar de haberle reclamado el pago de esas horas a K-Mart en un sin número de ocasiones, no se les han pagado aún.
Por otro lado, es un hecho cierto que K-Mart Corporation es un patrono asegurado, según se desprende de la copia de la póliza de la Corporación del Fondo del Seguro del Estado que acompañó K-Mart con la moción de sentencia sumaria.
II
De la exposición de motivos de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, supra, se desprende la política pública y la intención legislativa al aprobar dicha ley. Leyes de Puerto Rico, 1992, págs. 415-416. El propósito del legislador fue brindar protección al trabajador contra riesgos a su salud en su trabajo. Mediante la misma, el legislador buscó nivelar los intereses del patrono con los intereses de los empleados, logrando que los trabajadores cedieran su derecho a demandar al patrono a cambio de recibir un beneficio, que puede eventualmente resultar menor, pero que es seguro e inmediato, sin necesidad de probar negligencia ni someterse al rigor del procedimiento de una acción civil en daños, lo cual le tomaría años para poder recibir alguna compensación económica de así determinarse.
En Pacheco Pietri y otros v. E.L.A., 133 D.P.R. 907 (1993), el Tribunal Supremo expresó que "el esquema de seguro compulsorio establecido por la Ley de Compensaciones por Accidentes del Trabajo, va dirigido a *767 proveerle a los obreros que sufren alguna lesión o enfermedad que ocurra en el curso del trabajo y, como consecuencia del mismo, un remedio rápido y eficiente, libre de las complejidades de una reclamación ordinaria en daños. El sistema de protección social establecido le provee de inmediato al obrero lesionado apoyo económico y tratamiento médico adecuado". Sigue expresando el Tribunal Supremo que "para acogerse a los beneficios que provee el Fondo del Seguro del Estado, el obrero no tiene que probar que hubo negligencia de parte del patrono. Tampoco es impedimento para quedar cobijado bajo la ley que el accidente haya ocurrido como consecuencia de la negligencia del obrero. A cambio de esta protección, el obrero renuncia a su derecho a traer contra el patrono asegurado la acción en daños que emana del acto negligente del patrono que ocasionó dichos daños. Art. 20 de la Ley 45, supra. Este quid pro quo que es el eje central del esquema de seguro compulsorio, es lo que lo hace viable." Id.
Como se sabe, el Art. 20 de la citada ley dispone el remedio exclusivo para los obreros afectados cuando sufren accidentes del trabajo, disponiendo que cuando el patrono asegure sus obreros y empleados de acuerdo a la Ley 45, supra, el derecho establecido en la misma para obtener compensación, será el único remedio en contra del patrono, inclusive para reclamar daños por las angustias mentales.
El Art. 2 de la Ley 45, supra, 11 L.P.R.A. sec. 2, establece que quedan cubiertos bajo sus disposiciones todos los obreros o empleados que: (1) sufran lesiones, sean físicas o emocionales, que provengan de cualquier acto o función inherente a su trabajo o empleo, (2) que ocurra en el curso de éste, y (3) como consecuencia del mismo. Deberá existir, además, una relación causal entre la lesión o enfermedad del obrero y el trabajo. Reyes Vda. de Morales v. Policía de P.R., 142 D.P.R. _ (1996), 96 J.T.S. 167; Pacheco Pietri y Otros v. E.L.A. y otros, 133 D.P.R. 907 (1993); Odriozola v. Cosmetic Dist. Corp., 116 D.P.R. 485 (1985).
Examinemos la aplicación de la doctrina antes expuesta a los hechos de este caso.
De los hechos anteriormente expuestos, surge que el joven Robert Román sufrió daños y angustias mentales mientras realizaba las funciones propias de su trabajo para su patrono, K-Mart Corporation. En el presente caso, el joven demandante se encontraba realizando las labores propias de su empleo y durante las mismas sufrió lamentablemente un accidente del trabajo. Como consecuencia de ello, sufrió daños físicos, existiendo una relación causal, ya que los daños sufridos surgieron mientras el joven ejercía las funciones propias de su empleo como resultado de que K-Mart cerró la tienda y él quedó encerrado hasta la mañana siguiente. De otra parte, los daños mentales o emocionales que alega haber sufrido, también son producto del accidente en el trabajo y del daño físico sufrido.
No obstante lo anterior y ante los hechos incontrovertidos antes expuestos, el Tribunal de Primera Instancia dictó la resolución recurrida decretando que la exclusividad del remedio de la Ley de la Corporación del Fondo del Seguro del Estado no es de aplicación a la situación de los hechos aquí presentada y que, por el contrario, existe una causa de acción en el caso que nos ocupa bajo el Art. 1802 del Código Civil, 31 L.P.R.A. See. 5141, por las actuaciones negligentes de K-Mart al restringirle la libertad al joven Robert Román. El foro recurrido, al así decidir, incidió.
De los hechos antes expuestos no surge que hubo intención alguna de parte de K-Mart de restringir la libertad del joven. Por el contrario, éste aduce y el tribunal recurrido resolvió, que la situación ocurrida se debió a la negligencia de parte de K-Mart. Resulta, pues, que en el presente caso lo que ocurrió fue un lamentable accidente del trabajo no querido ni deseado por ninguna de las partes.
En el caso Soc. de Gananciales v. Royal Bank de P.R., 145 D.P.R. _ (1998), 98 J.T.S. 37, el Tribunal Supremo resolvió que para que la inmunidad patronal no cobije a un patrono asegurado, tienen que ser lesiones producidas al obrero intencionalmente por el patrono. Es decir, la inmunidad patronal no se extiende a lesiones producidas intencionalmente o a actuaciones discriminatorias del patrono que infrinjan una clara política pública en violación de derechos constitucionales, ya que éstas no están comprendidas en la inmunidad patronal *768 que confiere la Ley del Sistema de Compensaciones por Accidentes del Trabajo, en cuyo caso el obrero sí puede traer una acción en daños bajo el artículo 1802 del Código Civil. Pero este no es el caso que nos ocupa. Lo que ocurrió fue un accidente del trabajo sin intención de parte de K-Mart. Si bien K-Mart, al aceptar las alegaciones de la demanda, aceptó que hubo negligencia de su parte al dejar encerrado al joven en la tienda, ese hecho no deja a K-Mart fuera de la cobertura de inmunidad que le provee la Ley 45, supra. En el caso de Soc. de Gananciales v. Royal Bank de P.R., antes citado, el Tribunal Supremo establece no sólo que la inmunidad patronal bajo la mencionada ley es de carácter absoluta, sino, además, que contra un patrono asegurado no existe causa de acción alguna relacionada con la lesión ocurrida en el empleo y como consecuencia de éste, independientemente del grado de negligencia atribuible al patrono.
En resumen, el caso de epígrafe es un caso de un accidente en el trabajo, ya que los daños que alega haber sufrido el demandante cumplen con los requisitos establecidos por la jurisprudencia al establecer la relación causal, a saber: provinieron mientras el empleado trabajaba, fueron inherentes a su trabajo y ocurrieron en el curso de éste sin que mediara intención por parte de K-Mart. Es menester expresar que el Tribunal Supremo ha resuelto que el vocablo lesión en la Ley del Sistema de Compensaciones por Accidentes del Trabajo no se refiere únicamente a lesiones físicas, ya que se ha ampliado para incluir daños emocionales. Odriozola v. S. Cosmetic Dist. Corp., 116 D.P.R. 485 (1985); Alonso García v. Com. Ind., 102 D.P.R. 689 (1974).
En casos de accidentes en el trabajo, como el que nos ocupa, la Ley 45, supra, lo que provee es un remedio exclusivo y la protección que le brinda al obrero o empleado la Corporación del Fondo del Seguro del Estado, sin qué sea necesario que se pruebe negligencia de parte del patrono o que el empleado haya incurrido en ella.
La inmunidad que la Ley 45, supra, le concede al patrono es de carácter absoluta y no existe causa de acción contra el mismo no importa el grado de negligencia atribuible a éste en relación con un accidente del trabajo. Existe un nexo causal entre los daños del empleado y el trabajo, relación causal que fue y ha sido establecida mediante los hechos incontrovertidos antes expuestos. De ahí que el remedio que tiene el joven Robert Román es el que le provee la Ley del Sistema de Compensaciones por Accidentes del Trabajo.
Por tanto, incidió el foro recurrido al resolver que los demandantes tenían una causa de acción bajo el Art. 1802 del Código Civil, supra. Por el resultado a que hemos llegado, resulta innecesario discutir el segundo error alegado por K-Mart.
De otra parte, se le ordena al tribunal recurrido entregar la cantidad de $62.40 al joven Robert Román de Jesús consignada por K-Mart en el foro recurrido, según solicitado por éste, por concepto de paga doble por las seis horas consecutivas durante las cuales el joven estuvo encerrado en la tienda sin tener la libertad para poderse dedicar a sus actividades personales, lo cual se considera tiempo trabajado. Sucn. Meléndez v. Central San Vicente, 86 D.P.R. 398 (1962), según reiterado en Deyá v. Otis Elevator Co., 91 D.P.R. 669 (1965). 
Por todo lo anteriormente expuesto, se expide el auto de certiorari solicitado, se revoca la resolución recurrida y se condena a K-Mart a pagarle al codemandante Robert Román de Jesús $62.40 por concepto de horas extras trabajadas y $500 de honorarios de abogado. Art. 13 de la Ley 379, de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. see. 282.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2001DTA 41
1. En los hechos relatados en los párrafos 15 y 16 de la demanda, el joven alega que no cenó esa noche, por lo cual le dio un fuerte dolor de cabeza y que al recostarse en el piso para tratar de dormir, como consecuencia de esto, le dieron fuertes *769 dolores de espalda.
2. K-Mart le pagaba al demandante a razón de $5.20 por hora, correspondiendo la paga doble a $10.40 por hora, que multiplicada por las seis horas reclamadas totalizan $62.40.